United States District Court
Southern District of Texas

**ENTERED**

May 11, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Yucob Rylander, §<br>§<br>*Plaintiff,* §<br>§<br>§<br>v. §<br>§<br>Mart Elizondo Frazier, et al., §<br>§<br>*Defendant.* §<br>§ | Civil Action No. 4:25-cv-05323 |

## MEMORANDUM, RECOMMENDATION, AND ORDER

Plaintiff Yucob Rylander, who is *pro se*, filed this action, claiming that various attorneys, law firms, and others created or proffered false judicial records and used those records against him. Rylander has filed multiple pending motions: (1) two motions to proceed in forma pauperis ("IFP"), Dkts. 2, 15; (2) a motion to reassign this case to a different U.S. District Judge, Dkt. 10; (3) two requests for access to electronic filing, Dkts. 17, 22; (4) a motion to consolidate this case with another federal case, Dkt. 9, and (5) a motion to stay deadlines and for leave to amend, Dkt. 27.

In addition, Defendant Brent Coon & Associates filed a motion to dismiss under Fed. R. Civ. P. 4(m) and 41(b). Dkt. 20. Because Rylander failed to respond, the motion is deemed unopposed. S.D. Tex. L.R. 7.4.

As concluded below, Rylander's motions to proceed in forma pauperis and for reassignment (Dkts. 2, 15, 10) are moot, and his requests for e-filing privileges (Dkts. 17, 22) are denied. Brent Coon & Associates's motion to dismiss (Dkt. 20) for lack of service should be granted in part, and Rylander's claims against it should be dismissed without prejudice. Relatedly, the same lack of service merits dismissing Rylander's claims against all other defendants. And that disposition moots Rylander's motion to consolidate (Dkt. 9) and request for leave to amend (Dkt. 27) his complaint. Rylander's further request to stay service-related deadlines (Dkt. 27) is denied.

## Analysis

Rylander filed this suit in the Southern District of New York on October 22, 2025. Dkt. 1 (complaint). He also moved to proceed in forma pauperis. Dkt. 2. The case was then transferred to this district. Dkts. 5, 6. Rylander moved to consolidate this action with another case and to reassign the case from U.S. District Judge Andrew S. Hanen to a different District Judge. Dkts. 9, 10. The case was reassigned to U.S. District Judge Alfred H. Bennett by agreement between those judges. Dkt. 11.

Rylander filed a "Statement of inability to afford payment of court costs or an appeal bond" and then another IFP motion. Dkts. 15, 16. The Court granted the motion (Dkt. 16), but on the condition that Rylander ensure that

the summons is properly issued and served "within 90 days of the filing" of his complaint.  Dkt. 19 (order).  To date, none of the defendants has been served.

Defendant Brent Coone & Associates filed a motion to dismiss under Fed. R. Civ. P. 4(m) and 41(b).  Dkt. 20.  Rylander did not respond.

On March 12, 2026, the case was reassigned to U.S. District Judge Nicholas J. Ganjei.  Dkt. 21.  Rylander filed a motion to waive PACER fees, including unpaid fees he has already incurred.  Dkt. 22.  The case was then referred to the undersigned judge.  Dkt. 25.  After that, Rylander filed an "emergency" motion to stay service-related deadlines and for leave to amend his complaint.  Dkt. 27.  The foregoing motions are addressed below.

## I.    <u>Several of the motions are moot.</u>

Several of Rylander's motions are now moot.  They include Rylander's serial IFP applications.  *See* Dkt. 2; Dkt. 15 ("statement of inability to afford payment or court costs or appeal bond"); *Brooks v. Jail*, 2020 WL 5982265, at *1 (S.D. Tex. Oct. 7, 2020) (construing similar statement as an IFP application); Dkt. 16.  The order (Dkt. 19) conditionally granting one of the requests to proceed IFP (Dkt. 16) mooted those other requests (Dkts. 2, 15).

Rylander's motion requesting recusal and reassignment of the case to a different district judge (Dkt. 10) is also moot.  The case was twice reassigned, Dkts. 11, 21, and the new presiding District Judge has referred it to the undersigned judge under 28 U.S.C. § 636(b)(1), Dkt. 29.

## II.    Rylander's requests related to electronic filing are denied.

Rylander filed a motion requesting permission to e-file documents as a *pro se* litigant and for access to the Court's electronic filing portal—CM/ECF. Dkt. 17.  He later filed a motion again requesting access to CM/ECF and for a waiver of outstanding PACER fees.  Dkt. 22.

Rylander's request for permission to e-file on CM/ECF is denied.  It is not customary to allow *pro se* parties to e-file.  Nor has Rylander demonstrated that an exception is warranted in his case.

Further, Rylander has not shown that this Court's power to exempt the PACER user access fee permits it to waive Rylander's $140 balance of unpaid fees that he accrued when accessing unspecified documents at some unspecified time.  *See* U.S. Cts*., Electronic Public Access Fee Schedule*, https://perma.cc/WSS3-D7J3 (last visited May 8, 2026) (fee exemptions "should be granted for a definite period of time" and "should be limited in scope").  Both motions (Dkts. 17, 22) are denied.

## III.    Rylander failed to timely effectuate service.

### A.    Rylander's failure to serve any of the Defendants merits dismissal of all claims.

Brent Coon & Associates appeared for the limited purpose of filing a motion to dismiss, contending that Rylander failed to timely serve it.  Dkt. 20. The motion should be granted, and all claims against Brent Coon & Associates

should be dismissed.  But Rylander's claims against the other defendants[1] should likewise be dismissed for lack of timely service.

A defendant must be served with process within 90 days of filing suit. *See* Fed. R. Civ. P. 4(m).  "A litigant's *pro se* status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure."  *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (internal citations omitted).  Without proper service, a federal court cannot exercise personal jurisdiction over the defendants.  *See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

Ryland did not serve Brent Coone & Associates within the 90-day window.  *See* Dkt. 1 (complaint filed October 22, 2025).  Nor did he respond to the motion to dismiss or otherwise articulate good cause for failing to timely effectuate service.  *See Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam) ("When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service.").

Instead, on May 7, 2026—almost four months after the service deadline expired, and nearly two months after briefing on the motion to dismiss had

---

[1] Those other defendants are Mary Elizondo Frazier, Archer Systems LLC, Legacy Community Health Service, Inc., Katelin Cardenas, Spencer Fane LLP, Colin Peter Goodman, Elizabeth Dale Burrus, John Does 1-10, Ross Sears, II, and Intercontinental Terminals Company LLC.

closed, Rylander filed a motion requesting a "stay" of all service deadlines. Dkt. 27. But the motion merely invokes Rylander's *pro se* status and claims that the complexity of the case necessitates additional time for service. *See id.* at 2. Neither contention excuses the lack of timely service. And Rylander's conclusory statement that he has acted diligently is facially inadequate and belied by the record, which shows a wholly unjustified delay. All claims against Brent Coon & Associates should be dismissed.

Rylander's failure to serve the remaining Defendants merits dismissing his claims against them, too. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). District courts have "broad discretion" in making this determination. *See Topstone Commc'ns, Inc. v. Xu*, 603 F. Supp. 3d 493, 497 (S.D. Tex. 2022) (citing *Brown v. Miss. Coop. Extension Serv.*, 89 F. App'x 437, 439 (5th Cir. 2004)). Here, the Court warned Rylander that it "may dismiss the case" if he did "not have summons issued and served within 90 days of the filing of [his] complaint." Dkt. 19. Rylander did not heed that warning.

Rylander's failure to comply with the Court's directive reinforces that dismissal is merited. Rule 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court

order ....'' Fed. R. Civ. P. 41(b).  This dismissal may be done *sua sponte*.  *See Maxey v. Citizens Nat'l Bank of Lubbock, Tex.*, 459 F.2d 56, 57 (5th Cir. 1972) (affirming *sua sponte* dismissal for failure to prosecute where plaintiff failed to respond to show cause order); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (''It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion.''); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing Fed. R. Civ. P. 41(b) for principle that ''a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders'').

Rylander's IFP grant was conditioned upon the timely completion of service.  Dkt. 19.  Since then, months have passed, but Rylander has neither served the Defendants nor paid the filing fee.  This constitutes a failure to comply with the Court's order.  Rylander's claims against the remaining Defendants should be dismissed as well.[2]

### B.    Dismissal should be without prejudice.

Brent Coon & Associates further argues that aggravating factors favor dismissal of this action *with prejudice* under Rule 41(b).  Dkt. 20 at 4-5.  It has not shown that such an extreme sanction is merited.

---

[2] While a stricter standard for dismissal on failure to serve grounds exists when the limitations period would bar future litigation, *Thrasher*, 709 F.3d at 512-13, Rylander's pleadings are so non-specific about the timing of the alleged events that the Court cannot conclude that a stricter standard should apply.

"Rule 41(b) dismissal with prejudice is 'a severe sanction' that requires (1) 'a clear record of delay or contumacious conduct by the plaintiff[;]' and (2) an express finding that 'lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.'" *Ratcliff v. EKRE of TX, LLC*, 2025 WL 3657315, at *2 (S.D. Tex. Nov. 25, 2025) (quoting *Campbell*, 988 F.3d at 801-02), *adopted by* 2025 WL 3655196 (S.D. Tex. Dec. 17, 2025). The Fifth Circuit also generally requires "at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Campbell*, 988 F.3d at 802 (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). "

Brent Coon & Associates contends that this test is satisfied because (1) Rylander intentionally caused delay by "failing to take any action" since this case was transferred, (2) Defendants suffered actual prejudice by remaining "subject to unresolved legal proceedings," and (3) Rylander's disregard for the Court's warning (Dkt. 19) indicates that lesser sanctions would not be effective. *See* Dkt. 20 at 4-5. The Court disagrees.

Rylander's several months' delay in service, though inexcusable, does not equate to a clear record of delay meriting dismissal with prejudice. Rather, courts require "'significant periods of total inactivity' that persist 'for longer than just a few months.'" *Springboards to Educ., Inc. v. Kipp Found.*, 325 F.

Supp. 3d 704, 710 (N.D. Tex. 2018) (quoting *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008)).  That is not the case here because Rylander has filed numerous motions during the pendency of this suit.  *Cf. Ratcliff*, 2025 WL 3657315, at *2 (S.D. Tex. Nov. 25, 2025) (dismissing with prejudice where plaintiff failed to "take[] any action in this case").

Nor is Rylander's failure to comply with the Court's order (Dkt. 19) sufficient to show "contumacious conduct."  "Generally, where a plaintiff has failed only to comply with a few court orders or rules, [the Fifth Circuit has] held that the district court abused its discretion in dismissing the suit with prejudice."  *Berry*, 975 F.2d at 1191 n.6 (collecting cases).  Accordingly, Rylander's claims should be dismissed without prejudice.

Dismissal of all claims would moot Rylander's motions for leave to amend and to consolidate this case with another federal suit.  Dkts. 9, 27.  Those other motions should be denied.

## Order and Recommendation

For the foregoing reasons, it is **ORDERED** that Plaintiff Yucob Rylander's motions to proceed in forma pauperis (Dkts. 2, 15) and to reassign the presiding district judge (Dkt. 10) be **DENIED** as moot.

It is further **ORDERED** that Rylander's requests for e-filing privileges and PACER fee waivers (Dkts. 17, 22) be **DENIED**.

9

It is **RECOMMENDED** that Defendant Brent Coon & Associates's motion to dismiss (Dkt. 20) be **GRANTED IN PART**, and that all claims against it be **DISMISSED WITHOUT PREJUDICE**, but **DENIED IN PART** with respect to the request to dismiss those claims with prejudice.

It is further **RECOMMENDED** that Rylander's claims against all other defendants be **DISMISSED WITHOUT PREJUDICE** for lack of service and for failure to comply with this Court's order (Dkt. 19), and that Rylander's motion to consolidate (Dkt. 9) and motion for leave to amend (Dkt. 27) be **DENIED** as moot.

It is **ORDERED** that Rylander's motion to stay deadlines (Dkt. 27) be **DENIED**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on May 11, 2026, at Houston, Texas.

Yvonne Y. Ho
Yvonne Y. Ho
United States Magistrate Judge

10