United States District Court
Southern District of Texas
**ENTERED**
June 08, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Yucob Rylander, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 4:25-cv-5323 |
| | § | |
| Mary Elizondo Frazier, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before this Court is a Report and Recommendation by Magistrate Judge Yvonne Ho, recommending that this case be dismissed without prejudice for failure to serve Defendants. Doc. 30. For the reasons set forth below, the Court adopts the Report and Recommendation as its Memorandum and Order and hereby DISMISSES the case WITHOUT PREJUDICE.

Plaintiff filed this suit *pro se* as a RICO action, claiming that Defendants created or proffered false judicial records and used those records against him. Doc. 1. Plaintiff filed his Complaint on October 22, 2025, but, since then, has failed to serve a single defendant. Law firm defendant Brent Coon & Associates moved to dismiss the claims against it with prejudice under Federal Rule of Civil Procedure 4(m) and 41(b). Doc. 20. The Court referred the matter to Magistrate Judge Ho, who issued the pending Report and Recommendation. Doc. 30. Magistrate Judge Ho recommended that Defendant Brent Coon's Motion to Dismiss with Prejudice be granted in part (with respect to dismissal) and

denied in part (with respect to prejudice). *Id.* at 10. She also recommended that the Court dismiss all remaining claims *sua sponte*. *Id.*

Plaintiff objected, arguing (1) that he should not be penalized for lack of service due to his *in forma pauperis* status, (2) that the Court should not have considered Defendant Brent Coon's Motion to Dismiss, (3) that the Court's Rule 4(m) notice to him was inadequate to warn him of the impending dismissal, (4) that he should be granted leave to amend his Complaint, and (5) that he should be granted a fee waiver for his use of PACER. Doc. 31.

When a party objects to any part of a magistrate judge's disposition, the district court reviews it *de novo*. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (*per curiam*). The district court may accept any other portions to which there is no objection if satisfied that no clear error appears on the face of the record. *See Guillory v. PPG Indus. Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*)); *see also* Fed. R. Civ. P. 72(b) advisory committee note (1983). The District Court need not consider general, frivolous, or conclusory objections to a Report and Recommendation. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

The Court has reviewed the pleadings, the record, the applicable law, and the objections. The Court has also reviewed *de novo* the recommendations of the Magistrate Judge to which Plaintiff objected. The Court finds that the objections lack merit and OVERRULES them. No clear error otherwise appears in the Report and Recommendation.

The Report and Recommendation of the Magistrate Judge is hereby adopted as the Memorandum and Order of this Court. Doc. 30. Defendant Brent Coon's Motion to Dismiss with Prejudice is GRANTED IN PART; Plaintiff's claims against Brent Coon are DISMISSED WITHOJUT PREJUDICE. Plaintiff's claims against all other defendants are DISMISSED WITHOUT PREJUDICE *sua sponte*. All other pending motions are DENIED AS MOOT.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 8th of June, 2026.

_____

Nicholas J. Ganjei
United States District Judge

3